No. __**CR11 00142**__ JF  SG

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### San Jose Division

FILED
MAR 16 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

THE UNITED STATES OF AMERICA

*vs.*

TARA DENISE BONELLI

---

# INDICTMENT

| | |
|---|---|
| **COUNTS 1 - 18:** | 18 U.S.C. § 1343 Wire Fraud; |
| **COUNT 19:** | 18 U.S.C. § 1341 - Mail Fraud; |
| **COUNTS 20 - 22:** | 18 U.S.C. § 1957(a) Monetary Transactions with Criminally Derived Property; 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) |

---

*A true bill.*

_____
*Foreperson*

*Filed in open court this* __16th__ *day of* __March__

A.D. 2011

_____
*United States Magistrate Judge*

*Bail. $* __No Bail Arrest Warrant__

MELINDA HAAG (CABN 132612)
United States Attorney

E-Filing

FILED
MAR 16 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 11 00142 JF  |
| Plaintiff, | No. CR- |
| v. | VIOLATIONS: |
| TARA DENISE BONELLI, | 18 U.S.C. § 1343 – Wire Fraud;<br>18 U.S.C. § 1341 – Mail Fraud;<br>18 U.S.C.§ 1957 – Monetary Transactions in Criminally Derived Property;<br>18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) – Criminal Forfeiture. |
| Defendant. | SAN JOSE VENUE |

INDICTMENT

The Grand Jury charges:

Background Information:

At all times relevant to this Indictment:

1. Vista Funding Holding Company ("Vista Holding") was a holding company that purportedly owned and operated eight different entities: Vista Funding, Inc. ("Vista"), Independent Financial, Equity Advisors, Bonelli Properties, Lost Dollar Services, Equity Inquiries, Outlook Enterprises, and Sovereign Property Management. Vista was a California corporation that claimed to offer a variety of real estate and financial services, including foreclosure assistance, the purchase of distressed properties, and the subdividing and development of properties.

Indictment

2.      The defendant, Tara Denise Bonelli ("Bonelli"), was the founder and owner of Vista Holding and Vista and controlled and directed the business dealings entered into by Vista Holding and Vista.

3.      Bonelli, at various times personally, with her spouse, and under Vista, owned certain properties that she utilized as collateral ("the collateral properties") in her scheme and artifice to defraud. Those properties were:

       a.      631 Quail Run Road, Aptos, California,

       b.      420 Sunlit Lane, Bonny Doon, California, and

       c.      525 Bethany Drive, Scott's Valley, California.

The Scheme and Artifice to Defraud:

4.      The gist of the scheme and artifice was that Bonelli solicited funds from various individuals by making material false and fraudulent representations that she, acting as Vista, would purchase distressed properties for resale and engage in the business of foreclosure assistance, all the while knowing that the bulk of the money would not be invested according to her representations, but would rather go to finance an extravagant lifestyle.

5.      It was further a part of the scheme and artifice that Bonelli would and did offer the above-listed properties as collateral for loans. In order to induce victims to send her money, Bonelli falsely and fraudulently misrepresented the assessed value of property used as collateral, as well as her true interest in those properties.

6.      It was further a part of the scheme and artifice that during various transactions, Bonelli caused prior deeds of trust on the collateral properties to remain unrecorded, thereby intentionally creating the appearance of less-encumbered collateral property to potential investors.

7.      It was further a part of the scheme and artifice that Bonelli utilized individuals as "door knockers" who solicited owners of properties in mortgage distress for so-called "mortgage assistance." The door knockers, acting at Bonelli's instruction, would and did have the owners of properties in mortgage distress sign blank real estate sales contracts. Bonelli also created

empty escrow accounts for these contracts. Bonelli used these contracts and escrow accounts to create the appearance of conducting real business and to induce investors to send her money.

8.   It was further a part of the scheme and artifice that Bonelli lulled complaining investors by falsely telling them that escrows were about to close or that real estate deals were about to result in payments to Vista.

<u>COUNTS ONE THROUGH EIGHTEEN:</u>   (18 U.S.C. § 1343 – Wire Fraud)

9.   The factual allegations contained in paragraphs 1 through 8 are realleged and incorporated herein by reference as if set forth in full.

10.   From in or about October 2006 and continuing through to at least August 2008, in the Northern District of California and elsewhere, the defendant,

TARA DENISE BONELLI,

did devise and intend to devise a scheme and artifice to defraud and for obtaining money by means of material false and fraudulent pretenses, representations, and promises, then and there well knowing that said pretenses, representations, and promises were false and fraudulent when made.

11.   On or about the dates set forth in the separate counts below, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and material omissions, the defendant,

TARA DENISE BONELLI,

did knowingly transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce the following writings, signs, signals, pictures, and sounds, each communication being a separate count of this indictment:

| Count | Approximate Date of Wire | Description of Wire |
|---|---|---|
| 1 | May 12, 2006 | Wire transfer of $20,000 from victim AH |
| 2 | October 25, 2006 | Wire transfer of $110,000 from First American Title Company at direction of victim BP |
| 3 | December 28, 2006 | Wire transfer of $30,000 from First American Title Company at direction of victim AR |
| 4 | September 13, 2007 | Wire transfer of $25,000 from victim MJM |

| | | |
|---|---|---|
| 5 | December 4, 2007 | Wire transfer of $25,000 from victim MJM |
| 6 | March 2, 2007 | Wire transfer of $50,000 from victim SP |
| 7 | March 2, 2007 | Wire transfer of $50,000 from victim SP |
| 8 | April 13, 2007 | Wire transfer of $10,000 from victim SP |
| 9 | March 30, 2007 | Wire transfer of $10,000 from victim RR |
| 10 | February 21, 2007 | Wire transfer of $100,000 from victim RR |
| 11 | October 5, 2007 | Wire transfer of $80,000 from victim CE |
| 12 | October 17, 2007 | Wire transfer of $70,000 from victim CE |
| 13 | October 18, 2007 | Wire transfer of $40,000 from victim CE |
| 14 | January 29, 2008 | Wire transfer of $250,000 from victim PO-S |
| 15 | February 6, 2008 | Wire transfer of $500,000 from victim TC |
| 16 | March 10, 2008 | Wire transfer of $250,000 from victim PO-S |
| 17 | March 17, 2008 | Wire transfer of $75,000 from victim PO-S |
| 18 | April 9, 2008 | Wire transfer of $10,500 from victim PO-S |

All in violation of Title 18, United States Code, Section 1343.

COUNT NINETEEN:        (18 U.S.C. § 1341 – Mail Fraud)

12.     The factual allegations contained in paragraphs 1 through 11 are realleged and incorporated herein by reference as if set forth in full.

13.     On or about February 28, 2008, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and material omissions, the defendant,

TARA DENISE BONELLI,

did knowingly send and cause to be sent and delivered the following items by commercial carrier, that is victim RR sent a letter demanding loan repayment to the defendant via Federal Express, a commercial interstate carrier.

All in violation of Title 18, United States Code, Section 1341.

Indictment                                       4

**COUNT TWENTY THROUGH TWENTY-TWO:**
(18 U.S.C. § 1957(a) – Monetary Transactions with Criminally Derived Property )

14. The factual allegations contained in paragraphs 1 through 13 are realleged and incorporated herein by reference as if set forth in full.

15. On or about the dates set forth in the separate counts below, in the Northern District of California and elsewhere, the defendant,

TARA DENISE BONELLI,

did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, Wire Fraud (18 U.S.C. § 1343).

| Count | Date of Monetary Transaction | Description |
|---|---|---|
| 20 | February 22, 2007 | Withdrawal from Wells Fargo account in the amount of $20,000 |
| 21 | February 22, 2007 | Withdrawal from Wells Fargo account in the amount of $20,075 |
| 22 | February 23, 2007 | Withdrawal from Wells Fargo account in the amount of $27,749.71 |

All in violation of Title 18, United States Code, Section 1957(a).

**CRIMINAL FORFEITURE ALLEGATION NUMBER ONE**

16. The factual allegations contained in Counts One through Twenty-Two are hereby realleged for the purpose of alleging forfeiture to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

17. Upon conviction of any of the offenses in violation of Title 18, United States Code, Sections 1343 and 1341 set forth in Counts One through Eighteen of this Indictment, or any

///

///

Indictment                                5

of them, the defendant,

TARA DENISE BONELLI,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including but not limited to the sum of money equal to the total amount of proceeds defendant obtained or derived from, directly or indirectly, from the violation.

18. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), all pursuant to Title 18 United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c).

CRIMINAL FORFEITURE ALLEGATION NUMBER TWO

19. The factual allegations contained in Counts One through Twenty-Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1).

20. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of any of the offenses in violation of Title 18, United States Code, Section 1957, as set forth in Counts Twenty through Twenty-Two of this Indictment, the defendant,

TARA DENISE BONELLI,

Indictment                                   6

1 shall forfeit to the United States of America any property, real or personal, involved in such
2 offense, and any property traceable to such property.
3     21.   If any of the property described above, as a result of any act or omission
4 of the defendant:
5     a.   cannot be located upon the exercise of due diligence;
6     b.   has been transferred or sold to, or deposited with, a third party;
7     c.   has been placed beyond the jurisdiction of the court;
8     d.   has been substantially diminished in value; or
9     e.   has been commingled with other property which cannot be divided
10        without difficulty,
11 the United States of America shall be entitled to forfeiture of substitute property pursuant to Title
12 21, United States Code, Section 853(p), as incorporated by Title 18, United States
13 Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

DATED: 3/10/2011

A TRUE BILL.

_____
FOREPERSON

MELINDA HAAG
United States Attorney

_____
JEFFREY D. NEDROW
Chief, San Jose Branch

(Approved as to form: _____ )
                      AUSA PARRELLA

Indictment                              7

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT   ☐ SUPERSEDING

---- OFFENSE CHARGED ----

Counts 1-18:   18 U.S.C. § 1343 - Wire Fraud;
Count 19:      18 U.S.C. § 1341 Mail Fraud;

Counts 20 - 22: 18 U.S.C. § 1957 - Monetary Transactions in Criminally Derived Property, 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1)- Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:  Counts 1 through 19: 20 years imprisonment, $250,000 fine, $100 special assessment, 3 years supervised release.

Counts 20 - 22 - See Attachment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

---- DEFENDANT - U.S ----
TARA DENISE BONELLI

DISTRICT COURT NUMBER
CR 11 00142 JF PSG

FILED
MAR 16 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---- DEFENDANT ----

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶ ____

2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction         } ☒ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   } If "Yes" give date
been filed?    ☐ No       filed

DATE OF ARREST ▶ Month/Day/Year ____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year ____

---- PROCEEDING ----
Name of Complaintant Agency, or Person (& Title, if any)
Special Agent Scott W. Medearis, FBI

☐ person is awaiting trial in another Federal or State Court, give name of court ____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District ____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:   SHOW DOCKET NO.
☐ U.S. ATTORNEY  ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant   MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ____

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   MATTHEW A. PARRELLA

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: ____

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: ____   Before Judge: ____

Comments:

## Attachment to Penalty Sheet

**Counts 20 - 22:**  18 U.S.C. § 1957 - Monetary Transactions in Criminally Derived Property, 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1)- Criminal Forfeiture.

Penalty:  10 years imprisonment, $250,000 fine, $100.00 special assessment, 3 years supervised release, twice the amount of the criminally derived property involved in the transaction.