MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

SUSAN KNIGHT (CABN 209013)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408)-535-5056
   Fax: (408)-535-5066
   E-Mail: Susan.Knight@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 11-00142 JF |
| Plaintiff, | ) | |
| | ) | MOTION TO DETAIN DEFENDANT |
| v. | ) | PURSUANT TO 18 U.S.C. § 3142 |
| | ) | AND PROFFER OF EVIDENCE |
| TARA DENISE BONELLI, | ) | |
| | ) | Hearing Date: March 22, 2011 |
| Defendant. | ) | Hearing Time: 1:30 p.m. |
| | ) | |

**INTRODUCTION**

    Now comes the United States of America, by and through Melinda Haag, United States Attorney, and Susan Knight, Assistant United States Attorney, and moves this Court for an Order detaining defendant Tara Bonelli ("the defendant") pre-trial pursuant to 18 U.S.C. § 3142.  As discussed below, the government believes that the defendant poses an economic danger to the community, and has an incentive to abscond given the severe penalties that she faces for her conduct.  The Pretrial Services is still completing a bail report, and the government will supplement its argument at the hearing based on the report.

SUBMISSION RE: DETENTION
CR 11-00142 JF

SUBMISSION RE: DETENTION
CR 11-00142 JF                                           2

## I.   CHARGES AND LEGAL STANDARD FOR DETENTION

### A.   The Indictment and Penalties

On Marc h 16, 2011, a grand jury returned an indictment charging the defendant with eighteen counts of wire fraud, one count of mail fraud, and three counts of money laundering. The maximum penalty for each count of wire fraud and mail fraud, in violation of 18 U.S.C. §§ 1343 and 1341, is 20 years imprisonment and a fine of $250,000. The maximum penalty for each count of money laundering, in violation of 18 U.S.C. § 1957, is 10 years imprisonment and a fine of $250,000 or twice the value of the property involved. The indictment also contains two criminal forfeiture allegations.

### B.   The Standard For Detention Under 18 U.S.C. § 3142

The Government must demonstrate risk of flight by a preponderance of the evidence (*United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990)), and must demonstrate danger to the community by clear and convincing evidence (*United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008)). In the instant case, the government believes that the defendant poses an economic danger to the community. "Danger, may, at least in some cases, encompass pecuniary or economic harm." *United States v. Reynolds*, 956 F.2d 192, 193 (9th Cir. 1992) (denying bail pending appeal pursuant to 18 U.S.C. § 3143(b) to a defendant convicted of mail fraud). In cases that do not carry the presumption of detention, the government must show both risk of flight and dangerousness. See United States v. Twine, 344 F.3d 987 (9th Cir. 2003) ("We are not persuaded that the Bail Reform Act authorizes pretrial detention without bail based solely on a finding of dangerousness. This interpretation would render meaningless 18 U.S.C. § 3142(f)(1) and (2).").

## II.   ANALYSIS OF FACTORS OUTLINED IN 18 U.S.C. § 3142(g)

As discussed in the following proffer of evidence, a review of the factors weigh in favor of detaining the defendant pending trial.

### A.   The Nature and Circumstances of the Offenses Charged and the Weight of the Evidence Against the Person

The defendant committed numerous serious offenses over a substantial period of

**I.   CHARGES AND LEGAL STANDARD FOR DETENTION**

**A.   The Indictment and Penalties**

On Marc h 16, 2011, a grand jury returned an indictment charging the defendant with eighteen counts of wire fraud, one count of mail fraud, and three counts of money laundering. The maximum penalty for each count of wire fraud and mail fraud, in violation of 18 U.S.C. §§ 1343 and 1341, is 20 years imprisonment and a fine of $250,000. The maximum penalty for each count of money laundering, in violation of 18 U.S.C. § 1957, is 10 years imprisonment and a fine of $250,000 or twice the value of the property involved. The indictment also contains two criminal forfeiture allegations.

**B.   The Standard For Detention Under 18 U.S.C. § 3142**

The Government must demonstrate risk of flight by a preponderance of the evidence (*United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990)), and must demonstrate danger to the community by clear and convincing evidence (*United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008)). In the instant case, the government believes that the defendant poses an economic danger to the community. "Danger, may, at least in some cases, encompass pecuniary or economic harm." *United States v. Reynolds*, 956 F.2d 192, 193 (9th Cir. 1992) (denying bail pending appeal pursuant to 18 U.S.C. § 3143(b) to a defendant convicted of mail fraud). In cases that do not carry the presumption of detention, the government must show both risk of flight and dangerousness. See United States v. Twine, 344 F.3d 987 (9th Cir. 2003) ("We are not persuaded that the Bail Reform Act authorizes pretrial detention without bail based solely on a finding of dangerousness. This interpretation would render meaningless 18 U.S.C. § 3142(f)(1) and (2).").

**II.   ANALYSIS OF FACTORS OUTLINED IN 18 U.S.C. § 3142(g)**

As discussed in the following proffer of evidence, a review of the factors weigh in favor of detaining the defendant pending trial.

**A.   The Nature and Circumstances of the Offenses Charged and the Weight of the Evidence Against the Person**

The defendant committed numerous serious offenses over a substantial period of

time. Beginning in approximately 2006, the defendant has used entities that she created, namely Vista Holding, Inc., and the eight companies under the holding company (Vista Funding, Inc., Independent Financial, Equity Advisors, Bonelli Properties, Lost Dollar Services, Equity Inquiries, Outlook Enterprises and Sovereign Property Management) as a vehicle to perpetrate a variety of fraudulent schemes resulting in more than 20 victims with a loss of $4,000,000. She never closed one real estate transaction, except for possibly purchasing a $10,000 property in Michigan. Rather, she used the money to support her extravagant lifestyle that included expensive vacations and cars.

The defendant met her victims mainly through the Internet and various connections in real estate, and would entice them to invest with her with promises of high returns. She, along with her husband, and under Vista, owned properties three properties - 631 Quail Run Road, Aptos, California, 420 Sunlit Lane, Bonny Doon, California, and 525 Bethany Drive, Scott's Valley, California - that she used as collateral in her scheme to defraud. She solicited funds from her victims claiming that she would purchase distressed properties for resale and engage in the business of foreclosure assistance all the while knowing that she would not be investing the money in real estate. She offered the aforementioned properties as collateral for loans. In order to induce victims to send her money, the defendant misrepresented the assessed value of the properties as well as her true interest in those properties. She caused prior deeds of trust on the collateral properties to remain unrecorded, thereby intentionally creating the appearance of less-encumbered collateral property to potential investors.

She also utilized individuals as "door knockers" who solicited owners of properties in mortgage distress for so-called "mortgage assistance." The door knockers, acting at her instruction, had the owners of distressed properties sign blank real estate sales contracts. She created empty escrow accounts for these contracts, and used the contracts and escrow accounts to create the appearance of a legitimate business in order to induce victims to send her money. She placated complaining investors for years by falsely telling them that escrows were about to close or that real estate deals were about to result in payments to Vista.

**B.   The Nature and Seriousness of the Danger to Any Person or the Community That Would Be Posed by the Defendant's Release**

Despite being aware of the pending investigation, the defendant has contacted at least one victim for funds related to her real estate scheme to defraud. In January 2011, the defendant contacted a victim for money to pay her business licensing fees in Nevada. The business, called Centurion Asset Partners, is part of the defendant's on-going scheme to defraud investors. The victim did not provide the funds. If the defendant is released to community, she is a risk of continuing to perpetrate her scheme.

In anticipation of the detention hearing, the government contacted the victims in this case for their opinion regarding whether the defendant should be detained. Several victims shared their concern that she is a flight risk and presents a continuing danger to the community. Several victims will be present to speak at the hearing.

**C.   The History and Characteristics of the Person, Including the Person's Character, Physical and Mental Condition, Family and Community Ties, Employment, Financial Resources, past Criminal Conduct, and History Relating to Drug or Alcohol Abuse**

Given the severe penalties she faces if convicted in this case, the government believes that she poses a risk of flight. In addition, the defendant recently quit her job as a health aide, and her home on Sunlit Lane is on the path to foreclosure. She and her husband have filed multiple bankruptcy petitions in order to prevent foreclosure and eviction from their home. At this point, she has no incentive to remain in the area, and according to several victims, might have ties to Mexico or the Philippines.

One victim who is unable to attend today's hearing sent an email to the government's victim/witness coordinator supporting detention, and stating that the defendant "is a flight risk, she changes her numbers and disappears. I have lost my home, this took my life to pieces; it has been a nightmare."

In sum, the government believes that any bond conditions are insufficient in light of the seriousness of the charges and the risk of economic danger to the community posed by this defendant.

1 **CONCLUSION**

2    For the reasons outlined above, the United States respectfully requests that the defendant
3 be detained pending trial.

4 DATED: 3/22/11                                    Respectfully Submitted,

6                                                   MELINDA HAAG
                                                    United States Attorney

7                                                          /s/
                                                    SUSAN KNIGHT
8                                                   Assistant United States Attorney