UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>TARA DENISE BONELLI<br>Defendant. | Case No.   5:11-cr-00142-EJD<br><br>**ORDER DENYING MOTION FOR EXPUNGEMENT AND CERTIFICATE OF REHABILITATION**<br><br>Re: Dkt. No. 108 |

Pending before the Court is Defendant Tara Bonelli's Motion for Expungement and Certificate of Rehabilitation on her wire fraud conviction. Dkt. No. 108. The Government opposes the Motion. Dkt. No. 109. Having considered the Parties' papers, the Court **DENIES** the Motion.

**I.   BACKGROUND**

On March 16, 2011, a federal grand jury in the Northern District of California charged Defendant Tara Bonelli with 18 counts of wire fraud, in violation of 18 U.S.C. Section 1343, one count of mail fraud, in violation of 18 U.S.C. Section 1341, and three counts of monetary transactions with criminally derived property, in violation of 18 U.S.C. Section 1957(a). Dkt. No. 1. On February 12, 2013, Ms. Bonelli entered into a plea agreement in which she agreed to plead guilty to one count of wire fraud. Dkt. No. 57.

On June 25, 2013, the Court sentenced Ms. Bonelli to 37 months imprisonment and three years of supervised release. Dkt. No. 76. On October 7, 2013, the Court filed a fourth amended

Case No.: 5:11-cr-00142-EJD
ORDER DENYING MOT. FOR EXPUNGEMENT AND CERTIFICATE OF REHABILITATION

1

1    judgment and ordered Ms. Bonelli to pay $3,757,605.82 in restitution damages.  Dkt. No. 90.  On
2    September 30, 2016, Ms. Bonelli was released from imprisonment.  Dkt. No. 107 at 2.  On March
3    5, 2018, the Court took judicial notice of Ms. Bonelli's delinquent restitution payments.  Dkt. No.
4    104.  Thereafter, on August 14, 2018, the Court denied Ms. Bonelli's request to terminate her
5    supervised release.  Dkt. No. 106.  On August 7, 2019, the Court took judicial notice of the
6    probation officer's request to allow Ms. Bonelli's term of supervised release to be terminated on
7    September 29, 2019.

8    Subsequently, Ms. Bonelli claims to have been terminated from several jobs due to background checks revealing her conviction.  Dkt. No. 108 at 2–3.  According to her motion, Ms. Bonelli reverted to her birth name of Ms. Clark to avoid background check concerns.  Dkt. No. 108 at 2–3.  Ms. Bonelli argues that her compliance with the Court's express terms of the supervised release, mental health treatment program, payment of restitution, good standing with the Internal Revenue Service ("IRS"), and United States Probation Office requirements should entitle her to an expungement.  Dkt. No. 108 at 3.  The Government argues that there is no federal expungement statute or federal certification of rehabilitation that would apply to Ms. Bonelli.  Dkt. No. 109.

## II.  LEGAL STANDARD

When a defendant moves to expunge records, he or she asks the court to destroy or seal the records of the fact of the defendant's conviction, not the conviction itself.  *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004) (citations omitted).  "Accordingly, expungement, without more, does not alter the legality of the previous conviction and does not signify that the defendant was innocent of the crime to which he pleaded guilty."  *Id*.  Courts may expunge records of criminal conviction by statute, where Congress has set the conditions for expungement in particular cases such as minors facing certain drug possession charges.  *Id*.  If no such statute exists or applies, then courts may exercise their inherent authority "to expunge criminal records in appropriate and extraordinary cases."  *Id*. at 793; *see also United States v. Sumner*, 226 F.3d 1005,

Case No.: 5:11-cr-00142-EJD
ORDER DENYING MOT. FOR EXPUNGEMENT AND CERTIFICATE OF REHABILITATION

United States District Court
Northern District of California

1010 (9th Cir. 2000) ("district courts possess ancillary jurisdiction to expunge criminal records. That jurisdiction flows out of the congressional grant of jurisdiction to hear cases involving offenses against the United States pursuant to 18 U.S.C. § 3231."). Specifically, the court's inherent authority to expunge is "limited to expunging the record of an unlawful arrest or conviction, or to correct clerical error." *Crowell*, 374 F.3d at 793 (quoting *Sumner*, 226 F.3d at 1014). The Ninth Circuit has held, however, that federal courts do not have the inherent power to expunge a record of a valid arrest and conviction "solely for *equitable* considerations." *Sumner*, 226 F.3d at 1014 (emphasis added). Thus, courts will not expunge criminal records for the sole purpose of avoiding collateral consequences, such as a defendant's employability. *Id*.

### III.   DISCUSSION

#### A.   Motion for Expungement

Ms. Bonelli claims to have had difficulty maintaining employment because of the background checks that display her conviction. Dkt. No. 108 at 2–3.[1] Although the Court sympathizes with Ms. Bonelli's challenges for employment due to the conviction, the Court does not have the authority to expunge a record of a valid arrest and conviction based on equitable considerations. *Sumner*, 226 F.3d at 1015 (holding that a district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis for the request was to enhance defendant's employment opportunities); *United States v. Partlow,* No. CR 98-0378 MEJ, 2011 WL 2940665, at *2 (N.D. Cal. July 21, 2011) ("Collateral employment consequences, such as those presented here, are insufficient to warrant relief"); *United States v. Vasquez*, 74 F. Supp. 2d 964, 968 (S.D. Cal. 1999) (hardship in obtaining and maintaining employment, owing to an old misdemeanor conviction, is insufficient to authorize the court to

---

[1] Ms. Bonelli does not argue that her arrest or conviction was unlawful or unconstitutional. *See* Dkt. No. 108 at 8 ("[Ms. Bonelli] seeks the expungement of a valid conviction, not a suspect arrest, and she is acutely aware that 'courts have rarely granted motions to expunge arrest records, let alone conviction records'").

Case No.: 5:11-cr-00142-EJD
ORDER DENYING MOT. FOR EXPUNGEMENT AND CERTIFICATE OF REHABILITATION

3

order expungement). Thus, this Court cannot grant expungement based on Ms. Bonelli's continuing hardship for employment. *Id.*

Ms. Bonelli argues that the nonviolent nature of the crime and the passage of time since she committed the offense favors expungement. Dkt. No. 108 at 8–11. However, in addition to the absence of binding case law to support the arguments, Ms. Bonelli's contentions fail to hold much weight. *Crowell*, 374 F.3d at 796; *Sumner*, 226 F.3d at 1015; *Partlow*, 2011 WL 2940665, at *2; *Vasquez*, 74 F. Supp. 2d at 968. Further, Ms. Bonelli's mere compliance with the terms of the supervised release, including making restitution payments, participating in mental health programs, and maintaining good standing with the IRS, as well has her conduct post supervised release, do not qualify as extraordinary circumstances warranting expungement.

Therefore, this Court finds that Ms. Bonelli fails to meet the standard for expungement.

### B. Motion for Certificate of Rehabilitation

California Penal Code Section 4852 gives the court discretion to decide whether a petitioner has demonstrated rehabilitation and fitness "to exercise the rights and privileges lost by reason of his conviction." *Id.* § 4852.13 (West); *People v. Zeigler*, 211 Cal. App. 4th 638, 653 (2012); *People v. Ansell*, 25 Cal.4th 868, 875 (2001) (noting that the States have the discretion to grant the order). However, there is no federal counterpart to section 4852. Absent federal statutory authority, this Court declines to grant the requested certificate of rehabilitation.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Expungement and Certificate of Rehabilitation.

**IT IS SO ORDERED.**

Dated: October 28, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:11-cr-00142-EJD
ORDER DENYING MOT. FOR EXPUNGEMENT AND CERTIFICATE OF REHABILITATION
4